Diane Marie Conniff, Plaintiff-Appellant,
v.
Richard Seth McCaleb and State Farm Mutual Automobile Insurance Company, Defendants-Respondents.
No. 03-3011.
Court of Appeals of Wisconsin.
Opinion Filed: December 23, 2004.
Before Vergeront, Lundsten and Higginbotham, JJ.
¶ 1 PER CURIAM.
Diane Conniff appeals from a judgment dismissing her personal injury complaint. The dispositive issue is whether she presented sufficient evidence of causation to withstand a motion for directed verdict. We conclude she did not. We affirm.
¶ 2 The basic facts of the accident are not in dispute. Conniff was the passenger on a motorcycle driven by defendant Richard McCaleb. The motorcycle struck a deer on a rural road, near twilight. Both Conniff and McCaleb suffered injuries. Conniff claims that McCaleb was negligent because he was under the influence of alcohol, driving faster than the posted speed limit, and wearing sunglasses. McCaleb moved for a directed verdict on the ground that Conniff failed to present evidence of causation because there was no evidence from which the jury could infer that the accident was preventable in the absence of the claimed negligence. The court agreed and granted the motion.
¶ 3 Conniff first argues that the court erroneously excluded testimony from her proposed mechanical engineer expert witness and certain testimony she attempted to elicit from McCaleb. Although we are satisfied that the court properly exercised its discretion, we need not address these issues in detail because none of the proposed testimony by the engineer or McCaleb would have helped solve the problem that ultimately leads to dismissal of Conniff's case, which we discuss below. Therefore, any error was harmless.
¶ 4 Conniff also argues that the court erred by making credibility determinations in the course of prohibiting certain testimony or reaching its decision on the directed verdict. The court may have erred in this way. However, any error was harmless because the issues on which the court made credibility determinations did not relate to the fundamental problem that leads to dismissal.
¶ 5 Conniff argues that the court erred in granting the directed verdict. She argues that she offered sufficient evidence on causation to reach the jury. The court may grant a directed verdict if, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party. WIS. STAT. § 805.14(1) (2001-02).[1] On the subject of causation, to reach the jury a plaintiff must produce evidence from which the jury could reasonably find a causal nexus between the negligent act and the resulting injury; if the plaintiff fails to do so, the defendant is entitled to a directed verdict. Fischer v. Ganju, 168 Wis. 2d 834, 857, 485 N.W.2d 10 (1992). The causation test is whether the defendant's negligence was a substantial factor in contributing to the result. Johnson v. Neuville, 226 Wis. 2d 365, 378-79, 595 N.W.2d 100 (Ct. App. 1999).
¶ 6 The dispute in Conniff's case centers on whether and to what extent she was required to present evidence of when and where the deer would have been visible to, and recognized as a hazard by, a non-negligent driver. The only evidence on this point came from McCaleb. He suffered a brain injury in the accident and his recall is limited. He testified that there was a crest in the road approximately 650 feet before the impact site. There was nothing that inhibited his ability to see 650 feet ahead when he crested the hill. When he first saw the deer it was "standing on the road," "on the side of the road," about a hundred feet away. It was standing still at that time and he never saw it run. He did not remember what he did in response or the impact, except for "a still picture, of a hoof."
¶ 7 Conniff argues that it would be reasonable to infer that if McCaleb did not have his sunglasses on, had not been speeding, and had not been impaired by alcohol, the accident would not have occurred because he would have seen the deer sooner and been better able to avoid hitting it. We disagree. To reach that conclusion requires speculation. It is possible that the timing of the deer's movement and its location were such that no driver would have been able to stop or avoid it. Such accidents, without driver negligence of the type claimed here, are a regular occurrence in Wisconsin. Unless there is some evidence from which to infer that a non-negligent driver could have avoided the accident, a jury could not reasonably choose one explanation over another for what the causes of this accident were. When there is no evidence to support a choice, the party with the burden of proof has failed to meet its burden. Conniff did not meet her burden of proof.
¶ 8 Conniff describes this as an impossible burden of proof to meet. That may well be true on the specific facts of this case, due to the lack of witnesses and lack of detail in the testimony. However, it would not be true in all cases of this type, as she appears to suggest. In this case, for example, there might have been a witness in a vehicle following the motorcycle who could testify to having seen the deer well in advance, and having been concerned that the motorcycle ahead did not appear to be slowing or taking evasive action. It is true, and perhaps unfortunate, that not all plaintiffs can prove causation in all cases where it exists. Nonetheless, the legal analysis we apply requires that such proof be presented.
By the Court.  Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.